IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE MARIO H. DEL BOSQUE and<br>SARA S. DEL BOSQUE,<br><br>Debtors. | §<br>§<br>§<br>§<br>§ | Civil Action No. 3:14-CV-2305-D<br>(Bankr. Ct. No. 09-36522-HDH13)<br>(Adv. No. 13-03102-HDH) |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

**ORDER**

Appellants' September 4, 2014 emergency motion is denied.

Appellants' request for a cease and desist order is essentially a motion for an injunction pending appeal regarding their monthly escrow payment. "The traditional four-factor test for a stay pending appeal is typically used to analyze requests for a preliminary injunction. However, 'where there is a serious legal question involved and the balance of the equities heavily favors a stay . . . the movant only needs to present a substantial case on the merits.'" *In re Deepwater Horizon*, 732 F.3d 326, 345 (5th Cir. 2013) (ellipsis in original) (footnote omitted) (quoting *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011)). The four factors are:

> (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.

*Id.* at 345 n.13 (internal quotation marks omitted) (quoting *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir.1983)).

Appellants have not made a showing of a likelihood of success on the merits. And even if the court assumes that this appeal presents a serious legal question and that the balance of the

equities heavily favors an injunction, appellants have not demonstrated a substantial case on the merits.

**SO ORDERED.**

September 5, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 2 -